IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEAN WEISNER, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:15-CV-2287-B |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

**II.  Background**

Petitioner pled guilty to one count of aggravated assault with a deadly weapon and a finding of family violence, and one count of aggravated assault with a deadly weapon. *State of Texas v. Sean Weisner,* Nos. F-1058626-H and F-1058692-H (Crim. Dist. Ct. No. 1, Dallas County, Tex., May 12, 2011). On May 12, 2011, a jury sentenced Petitioner to seventy years in prison in cause number F-1058626-H and ten years in prison in cause number F-1058692-H.

On February 22, 2013, the Fifth District Court of Appeals affirmed. *Weisner v. State*,

2013 WL 1628258 (Tex. App. – Dallas 2013, pet. ref'd).  On July 24, 2013, the Texas Court of Criminal Appeals refused Petitioner's petitions for discretionary review.  PDR Nos. 280-13 and 281-13.

On June 3, 2013, Petitioner filed two state habeas petitions.  *Ex parte Weisner*, Nos. 81,958-01, -02.  On February 4, 2015, the Texas Court of Criminal Appeals denied the petitions without written order on the findings of the trial court.

On July 3, 2015, Petitioner filed the instant § 2254 petition.  He argues:

1. The trial court erred when:

    (A) the court accepted Petitioner's guilty pleas because the plea were not knowing and voluntary due to Petitioner's mental illnesses;

    (B) the court failed to order a competency hearing;

    (C) the court allowed the prosecutor to admit extraneous offenses during punishment;

2. Petitioner received ineffective assistance of counsel when:

    (A) counsel failed to raise an insanity defense and failed to timely file notice of an insanity defense;

    (B) counsel failed to file a motion for a competency hearing prior to the plea and during punishment; and

    (C) counsel failed to challenge the admission of extraneous offenses during punishment.

On November 25, 2015, Respondent filed her answer arguing that the petition is barred by limitations.  On December 4, 2015, Petitioner filed a reply.  The Court now finds the petition

should be dismissed as time-barred.

**III.  Discussion**

**A.      Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

On July 24, 2013, the Texas Court of Criminal Appeals denied Petitioner's petitions for discretionary review. The conviction became final ninety days later, on October 22, 2013. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until October 22, 2014, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On July 3, 2014, Petitioner filed his state habeas petitions. These petitions tolled the limitations period for 216 days, until the Court of Criminal Appeals denied the petitions on February 4, 2015. When 216 days were added to the October 22, 2014, filing deadline, the new deadline became May 26, 2015.

Petitioner was required to file his § 2254 petition by May 26, 2015. He did not file his petition until July 3, 2015. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th

Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Petitioner claims he was unable to timely file his § 2254 petition because: (1) he was unable to obtain a copy of his trial transcript until approximately June 16 or 17, 2015, because he was indigent; (2) his prison unit was on lockdown from June 2, 2015, to June 23, 2015; and (3) he had limited use of the law library.

Petitioner's claims do not establish he was prevented in some extraordinary way from filing timely filing his petition.  Petitioner has failed to show that a copy of his plea and punishment transcripts were necessary to file his § 2254 petition.  Petitioner filed the same claims in state court even though he states he did not have the transcripts at that time.  Further, in an exhibit Petitioner attached to his petition, his appellate attorney informed him on April 2, 2012, that she would email a copy of his court transcripts to him if he would provide her with an email address for a family member.  (ECF No. 24, Ex. AD.)  Additionally, a one month lockdown of his prison unit, or Petitioner's claim of limited use of the law library, does not constitute extraordinary circumstances for tolling the limitations period.  *See Felder v. Johnson,* 204 F.3d 168, 171–72 (5th Cir. 2000) **(holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling in the AEDPA context).**

**It is unclear whether Petitioner is also claiming he suffered from insanity or incompetency after trial.  Petitioner, however, has submitted no evidence that he was insane or incompetent either during or after trial.  On state habeas review, Petitioner's defense counsel submitted an affidavit stating he retained an expert to determine Petitioner's**

competency and to determine the viability of an insanity defense. (ECF No. 18-17 at 19.) The expert determined Petitioner was competent and was not insane at the time of the offense. (*Id.*)  Petitioner has submitted only conclusory allegations of his incompetency or insanity.  He has failed to establish he is entitled to equitable tolling.

## IV. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 21st day of October, 2016.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415, 1417 (5th Cir. 1996).**